Andrew T. Hambelton
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

Daniel E. Rhynhart (admitted *pro hac vice*)
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(215) 569-5500
*Attorneys for Defendant Dynamic Energy Solutions, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

――――――――――――――――――――――――― x

| | | |
|---|---|---|
| Empower Energies, Inc., a Delaware corporation, | : | Case No. 16-cv-03220-DLC-HBP |
| Plaintiff, | : : | |
| v. | : : : | DEFENDANT DYNAMIC ENERGY SOLUTIONS, LLC'S AMENDED ANSWER TO THE SECOND AMENDED COMPLAINT |
| SolarBlue, LLC, a Florida limited liability company, Dynamic Energy Solutions, LLC, a Pennsylvania limited liability company, and Does 1-20, | : : : | |
| | : | DEMAND FOR JURY TRIAL |
| Defendants. | : | |

――――――――――――――――――――――――― x

Defendant Dynamic Energy Solutions, LLC ("Dynamic"), by its undersigned attorneys, for its Amended Answer to Plaintiff Empower Energies, Inc.'s ("Plaintiff") Second Amended Complaint responds as follows:

### INTRODUCTION

1.    Dynamic admits only that Plaintiff purports to bring this action as a result of an alleged breach of an agreement between Plaintiff and Defendant SolarBlue, LLC ("SolarBlue"). Dynamic denies the remaining allegations in Paragraph 1 of the Second Amended Complaint.

2. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Second Amended Complaint.

3. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Second Amended Complaint.

4. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Second Amended Complaint.

5. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Second Amended Complaint.

6. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Second Amended Complaint.

7. Dynamic denies the allegations in Paragraph 7 of the Second Amended Complaint, except admits that Dynamic entered into an Asset Purchase Agreement with SolarBlue, dated as of May 4, 2016 (the "Dynamic APA"), and refers the Court to the Dynamic APA for its terms.  By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff.[1]  Dynamic also avers that it is not using, and has not used, any of Plaintiff's confidential or proprietary information in developing the Project or otherwise.

8. Dynamic admits only that Plaintiff purports to seek damages and injunctive relief through this action.  Dynamic denies the remaining allegations in Paragraph 8 of the Second Amended Complaint.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Second Amended Complaint.

## JURISDICTION AND VENUE

9. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Second Amended Complaint.

10. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Second Amended Complaint.

11. Dynamic admits the allegations in Paragraph 11 of the Second Amended Complaint.

12. Paragraph 12 of the Second Amended Complaint states a legal conclusion for which no response is required. To the extent a response is required, Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Second Amended Complaint.

13. Dynamic admits only that this Court has subject matter jurisdiction over the claims advanced in the Second Amended Complaint. By way of further answer, Dynamic avers that while there exists diversity jurisdiction among the current parties named in the Second Amended Complaint, certain non-parties who may be interested in and affected by the injunctive relief sought by Plaintiff have not been named as parties in this action.

14. Dynamic admits only that venue in this Court is proper. Dynamic denies the remaining allegations in Paragraph 14 of the Second Amended Complaint.

## FACTUAL BACKGROUND

15. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Second Amended Complaint.

16. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Second Amended Complaint.

17.     Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Second Amended Complaint.

18.     Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Second Amended Complaint.

19.     Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Second Amended Complaint.

20.     Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Second Amended Complaint.

21.     Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Second Amended Complaint.

22.     Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Second Amended Complaint.

23.     Dynamic denies the allegations in Paragraph 23 of the Second Amended Complaint that it is improperly using any of Plaintiff's confidential or proprietary information and know-how to complete the Project.  By way of further answer, Dynamic avers that it is not using, and has not used, any of Plaintiff's confidential or proprietary information in developing the Project or otherwise.  Dynamic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Second Amended Complaint.

24.     Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Second Amended Complaint.

25.     Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Second Amended Complaint.

26.     Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Second Amended Complaint.

27.     Dynamic denies the allegations in Paragraph 27 of the Second Amended Complaint.  By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff.

28.     Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Second Amended Complaint.

29.     Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Second Amended Complaint.

30.     Dynamic denies the allegations in Paragraph 30 of the Second Amended Complaint.  By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff.

31.     Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Second Amended Complaint.

32.     Dynamic denies any characterization in Paragraph 32 of the Amended Complaint that it was a party to the Empower APA or agreed to any of the terms thereunder.  Dynamic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Second Amended Complaint.

33.     Dynamic denies the allegations in Paragraph 33 of the Second Amended Complaint that it "aided and abetted, intentionally induced and benefitted from SolarBlue's breaches."  By way of further answer, Dynamic avers that it did not in any manner intentionally

procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff.  Dynamic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Second Amended Complaint.

34. Dynamic denies any characterization in Paragraph 34 of the Second Amended Complaint that Dynamic used any improper means in entering into the Dynamic APA.  By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff.  Dynamic also avers that it is not using, and has not used, any of Plaintiff's confidential or proprietary information in developing the Project or otherwise. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of the Second Amended Complaint.

35. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Second Amended Complaint.

36. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Second Amended Complaint.

37. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Second Amended Complaint.

38. Dynamic denies the allegations in Paragraph 38 of the Second Amended Complaint.  By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff.

39. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Second Amended Complaint.

40. Dynamic denies the allegations in Paragraph 40 of the Second Amended Complaint.  By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff.  Dynamic also avers that it is not using, and has not used, any of Plaintiff's confidential or proprietary information in developing the Project or otherwise.

41. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Second Amended Complaint.

42. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Second Amended Complaint.

43. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Second Amended Complaint.

44. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Second Amended Complaint.

45. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Second Amended Complaint.

46. Dynamic denies the allegations in Paragraph 46 of the Second Amended Complaint.  By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff.

47. Dynamic denies the allegations in Paragraph 47 of the Second Amended Complaint. By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff. Dynamic also avers that it is not using, and has not used, any of Plaintiff's confidential or proprietary information in developing the Project or otherwise.

48. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Second Amended Complaint.

49. Dynamic denies the allegations in Paragraph 49 of the Second Amended Complaint. By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff.

50. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Second Amended Complaint.

51. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Second Amended Complaint.

52. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Second Amended Complaint.

53. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Second Amended Complaint.

54. Dynamic denies any characterization in Paragraph 54 of the Second Amended Complaint that it used any improper means in entering into the Dynamic APA. By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged

breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff.  Dynamic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the Second Amended Complaint.

55.     Dynamic admits that Daniel Dus, Dynamic's Chief Development Officer, and Jeff Cain, SolarBlue's Chief Operating Officer, had periodic professional contact since working together for other solar developers and that they discussed the Project when Mr. Dus worked for Safari Energy at some point prior to the execution of the Empower APA.

56.     Dynamic admits the allegations in Paragraph 56, except denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning SolarBlue's representations, if any, to Plaintiff "that the Project would be the first of many in partnership with SolarBlue and ADESA."

57.     Dynamic denies the allegations in Paragraph 57 of the Second Amended Complaint.  By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff.  Dynamic also avers that it is not using, and has not used, any of Plaintiff's confidential or proprietary information in developing the Project or otherwise.

58.     Dynamic denies the allegations in Paragraph 58 of the Second Amended Complaint.  By way of further answer, Dynamic avers that it is not using, and has not used, any of Plaintiff's confidential or proprietary information in developing the Project or otherwise.  Dynamic also avers that it did not receive a copy of the Empower APA and was unaware of the terms and conditions of the Empower APA.

59. Dynamic denies the allegations in Paragraph 59 of the Second Amended Complaint. By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff. Dynamic also avers that it is not using, and has not used, any of Plaintiff's confidential or proprietary information in developing the Project or otherwise.

60. Dynamic admits that SB ADESA Framingham Solar Project I, LLC entered into a power purchase agreement with ADESA on April 5, 2016, SolarBlue and Dynamic entered into the Dynamic APA, and that SolarBlue and Dynamic entered into various other agreements concerning this project. Dynamic refers the Court to the agreements for their terms. Dynamic denies the remaining allegations in Paragraph 60 of the Amended Complaint.

61. Dynamic denies the allegations in Paragraph 61 of the Second Amended Complaint. By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff. Dynamic also avers that it is not using, and has not used, any of Plaintiff's confidential or proprietary information in developing the Project or otherwise.

62. Dynamic denies the allegations in Paragraph 62 of the Second Amended Complaint. By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff. Dynamic also avers that it is not using, and has not used, any of Plaintiff's confidential or proprietary information in developing the Project or otherwise.

63. Dynamic denies the allegations in Paragraph 63 of the Second Amended Complaint. By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff. Dynamic also avers that it is not using, and has not used, any of Plaintiff's confidential or proprietary information in developing the Project or otherwise.

64. Paragraph 64 of the Second Amended Complaint states a legal conclusion for which no response is required. To the extent a response is required, Dynamic denies the allegations in Paragraph 64 of the Second Amended Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Breach of Contract - SolarBlue)

65. Dynamic repeats its answers to Paragraphs 1 through 64 of the Second Amended Complaint as if fully set forth herein.

66. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Second Amended Complaint.

67. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Second Amended Complaint.

68. Dynamic denies any characterization in Paragraph 68 of the Second Amended Complaint that Dynamic used any improper means in entering into the Dynamic APA. By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff. Dynamic denies knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 68 of the Second Amended Complaint.

69. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Second Amended Complaint.

## Second Claim for Relief
### (Interference with Existing Contractual Relationship – Dynamic)

70. Dynamic repeats its answers to Paragraphs 1 through 69 of the Second Amended Complaint as if fully set forth herein.

71. Dynamic denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Second Amended Complaint.

72. Dynamic denies the allegations in Paragraph 72 of the Second Amended Complaint.  By way of further answer, Dynamic avers that it did not receive a copy of the Empower APA and was unaware of the terms and conditions of the Empower APA.

73. Dynamic denies the allegations in Paragraph 73 of the Second Amended Complaint.  By way of further answer, Dynamic avers that it did not in any manner intentionally procure the alleged breach of the Empower APA by SolarBlue, and did not conspire with SolarBlue to take the Project away from Plaintiff.  Dynamic also avers that it is not using, and has not used, any of Plaintiff's confidential or proprietary information in developing the Project or otherwise.

74. Dynamic denies the allegations in Paragraph 74 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to join indispensable parties.

### THIRD AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred by the doctrine of unjust enrichment.

### FOURTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred because Dynamic's conduct did not actually or proximately cause damages to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred because Plaintiff's damages are speculative.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's requests for injunctive relief are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive or declaratory relief since it has adequate remedies at law.

### RESERVATION OF RIGHTS

Dynamic reserves the right to amend and/or supplement this Amended Answer and to assert any additional defenses based upon the discovery of additional facts ascertained through continuing and ongoing investigation and discovery.

### DEMAND FOR JURY TRIAL

Dynamic hereby demands a trial by jury on all issues so triable.

**WHEREFORE,** Dynamic demands that this Court enter judgment in its favor and against Plaintiff dismissing the Second Amended Complaint in its entirety as against Dynamic, and awarding Dynamic any such other and further relief as the Court deems just and proper.

Dated: August 26, 2016                                         BLANK ROME LLP

*/s/ Andrew T. Hambelton*
Andrew T. Hambelton
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

--and--

Daniel E. Rhynhart
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(215) 569-5500
*Attorneys for Defendant Dynamic Energy Solutions, LLC*