UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Empower Energies, Inc., a Delaware corporation<br><br>                            Plaintiff,<br>       v.<br><br>SolarBlue, LLC, a Florida limited liability company,<br>Dynamic Energy Solutions, LLC, a Pennsylvania<br>limited liability company, and Does 1-20,<br><br>                           Defendants. | Case No. 1:16-cv-03220 (DRC) (HP) |

## DEFENDANT SOLARBLUE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO EMPOWER ENERGIES, INC.'S THIRD AMENDED COMPLAINT

Defendant SolarBlue, LLC ("SolarBlue" or "Defendant"), by and through its undersigned counsel, answers the Third Amended Complaint (the "Third Amended Complaint") of Plaintiff Empower Energies, Inc. ("Empower" or "Plaintiff") based on information currently within its possession, custody and control as follows:

### INTRODUCTION

1.      Paragraph 1 of the Third Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 1.

2.      SolarBlue denies the allegations contained in Paragraph 2 of the Third Amended Complaint, except admits that SolarBlue entered into an Asset Purchase Agreement with Empower (the "APA"), dated October 6, 2015, and respectfully refers to the APA for its true and complete contents.

3.      Paragraph 3 of the Third Amended Complaint states legal conclusions to which no response if required.  To the extent a response is required, SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the allegations contained in Paragraph 3.

4.      The first sentence of Paragraph 4 of the Third Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, SolarBlue respectfully refers to the Affiliate Agreement for a true and correct statement of its contents. SolarBlue otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.      SolarBlue respectfully refers to Schedule 3.1 of the Asset Purchase Agreement with Dynamic (the "Dynamic APA"), dated May 4, 2016, for its true and complete contents, and avers that the payments set forth in paragraphs 1 and 2 have been made to SolarBlue.  SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Third Amended Complaint concerning payments made to Dynamic by a third party and otherwise denies the remaining allegations contained in Paragraph 5.

6.      Paragraph 6 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 6.

## JURISDICTION AND VENUE

7.      SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Third Amended Complaint.

2

8.     Paragraph 8 of the Third Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, SolarBlue admits that it is a renewable energy developer, and a Florida limited liability company with its principal place of business in Orlando, Florida, and that Lee Maher and Mary Maher are the sole members of SolarBlue, and are domiciled in and citizens of the State of Florida.  SolarBlue also admits that Mr. Maher is SolarBlue's CEO and avers that Jeffrey Cain's employment status is currently under review.  SolarBlue otherwise denies the remaining allegations contained in Paragraph 8.

9.     SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Third Amended Complaint.

10.     Paragraph 10 of the Third Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.     Paragraph 11 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.     Paragraph 12 of the Third Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

## FACTUAL BACKGROUND

13.     SolarBlue avers that Paragraph 13 of the Third Amended Complaint does not require a response.   To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 13 as drafted.

14.     SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Third Amended Complaint.

15.     SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Third Amended Complaint.

16.     SolarBlue avers that Paragraph 16 of the Third Amended Complaint does not require a response.   To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 16 as drafted.

17.     SolarBlue admits that it entered into a Power Purchase Agreement, dated May 19, 2014 (the "PPA") and Site Lease Agreement ("Site Lease") with ADESA and respectfully refers to those documents for their true and complete contents.   SolarBlue otherwise denies the remaining allegations contained in Paragraph 17.

18.     SolarBlue denies the allegations contained in Paragraph 18 of the Third Amended Complaint.

19.     SolarBlue denies the allegations contained in Paragraph 19 of the Third Amended Complaint.

20.     SolarBlue admits that it entered into the APA in October 2015, and otherwise denies the remaining allegations contained in Paragraph 20 of the Third Amended Complaint.

21.     Paragraph 21 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the allegations contained in Paragraph 21.

22.     Paragraph 22 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the allegations contained in Paragraph 22.

23.     SolarBlue avers that Paragraph 23 of the Third Amended Complaint does not require a response.  To the extent a response is required, SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the allegations contained in Paragraph 23.

24.     SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the allegations contained in Paragraph 24 of the Third Amended Complaint.

25.     Paragraph 25 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 25.

26.     SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the allegations contained in Paragraph 26 of the Third Amended Complaint.

27.     SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the allegations contained in Paragraph 27 of the Third Amended Complaint.

28.     Paragraph 28 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 28.

29.     SolarBlue denies the allegations contained in Paragraph 29 of the Third Amended Complaint.

30.     SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the allegations contained in Paragraph 30 of the Third Amended Complaint.

31.     Paragraph 31 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue admits, on information and belief, that there were discussions in March 2016 between Mr. Cain and Mr. Dus regarding the Project.  SolarBlue otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32.      SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the allegations contained in Paragraph 32 of the Third Amended Complaint.

33.     SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the allegations contained in Paragraph 33 of the Third Amended Complaint.

34.     Paragraph 34 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue respectfully refers to the Power Purchase Agreement with ADESA, dated April 5, 2016 (the "Dynamic PPA"), and the Asset Purchas Agreement with Dynamic, dated May 4, 2016 (the "Dynamic APA"), for their true and complete contents.  SolarBlue admits, on information and belief, that there were

discussions in March 2016 between Mr. Cain and Mr. Dus regarding the Dynamic APA and the Project.  SolarBlue otherwise denies the allegations contained in Paragraph 34.

35.     SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the allegations contained in Paragraph 35 of the Third Amended Complaint.

36.     SolarBlue lacks knowledge or information sufficient to form a belief as to which conditions to closing were important to Empower.  SolarBlue otherwise denies the allegations contained in Paragraph 36 of the Third Amended Complaint.

37.     SolarBlue admits that the PPA called for a rooftop solar installation and that it had been contemplated that the Project would transition to a canopy-mounted project prior to the APA.  SolarBlue otherwise denies the allegations contained in Paragraph 37 of the Third Amended Complaint.

38.     SolarBlue admits that Empower, ADESA and SolarBlue engaged in negotiations in late 2015 and early 2016 regarding the PPA and Site Lease.  SolarBlue also admits, on information and belief, that there were discussions in March 2016 between Mr. Cain and Mr. Dus regarding the Project.  SolarBlue otherwise denies the remaining allegations contained in Paragraph 38 of the Third Amended Complaint.

39.     SolarBlue lacks knowledge or information sufficient to form a belief as to what Empower "believed" with respect to its negotiations with ADESA.  SolarBlue otherwise denies the allegations contained in Paragraph 39 of the Third Amended Complaint.

40.     SolarBlue denies the allegations contained in Paragraph 40 of the Third Amended Complaint.

41.     SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Third Amended Complaint concerning Empower's knowledge.  SolarBlue otherwise denies the allegations contained in Paragraph 41.

42.     SolarBlue respectfully refers to Empower's March 2016 letter for its true and complete contents and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Third Amended Complaint.

43.     SolarBlue avers that it is unable to respond to the allegations contained in Paragraph 43 of the Third Amended Complaint because Paragraph 43 is vague and ambiguous as drafted.  To the extent a response is required, SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44.     Paragraph 44 of the Third Amended Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the remaining allegations contained in Paragraph 44.

45.     SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the allegations contained in Paragraph 45 of the Third Amended Complaint.

46.     SolarBlue avers that it is unable to respond to the allegations contained in Paragraph 46 of the Third Amended Complaint because Paragraph 46 is vague and ambiguous as drafted.  To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 46 regarding Mr. Maher and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47.     Paragraph 47 of the Third Amended Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, SolarBlue admits, on information and belief, that there were discussions in March 2016 between Mr. Cain and Mr. Dus regarding the Dynamic APA and the Project.  SolarBlue also admits that SB ADESA Framingham Solar Project I, LLC and ADESA entered into the Dynamic APA.  SolarBlue otherwise denies the allegations contained in Paragraph 47.

48.     Paragraph 48 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 48.

49.     SolarBlue respectfully refers to Empower's April 4, 2016 letter and the APA for their true and complete contents.  SolarBlue otherwise denies the allegations contained in Paragraph 49 of the Third Amended Complaint.

50.     SolarBlue respectfully refers to Empower's letter, dated April 4, 2016, and to SolarBlue's letter from its counsel, Jennifer Birmingham, to Empower's General Counsel, Howard Brodie, dated April 7, 2016, for their true and complete contents.  SolarBlue also admits that, in April 2016, SolarBlue was involved in discussions with ADESA and Dynamic regarding the Dynamic PPA and the Dynamic APA.  SolarBlue otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Third Amended Complaint concerning Mr. Cain and the Affiliate Agreement.

51.     SolarBlue respectfully refers to its April 7, 2016 letter for its true and complete contents and otherwise denies the allegations contained in Paragraph 51 of the Third Amended Complaint.

52.     Paragraph 52 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the allegations contained in Paragraph 52.

53.     SolarBlue denies the allegations contained in Paragraph 53 of the Third Amended Complaint.

54.     SolarBlue respectfully refers to Empower's April 17, 2016 letter for its true and complete contents and otherwise denies the allegations contained in Paragraph 54 of the Third Amended Complaint.

55.     Based on information currently within its possession, custody and control, SolarBlue admits that it did not provide "assurances" and respectfully refers to its April 20, 2016 communication, the APA and the Dynamic APA for their true and complete contents.  SolarBlue otherwise denies the allegations contained in Paragraph 55.

56.     SolarBlue denies the allegations contained in Paragraph 56 of the Third Amended Complaint.

57.     Based on information currently within its possession, custody and control, SolarBlue admits that Mr. Cain and Dynamic's Chief Development Officer, Daniel Dus, had periodic professional contact since working together for other solar developers and that they discussed the Project when Mr. Dus worked for Safari Energy at some point prior to the execution of the APA.  SolarBlue otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

58.     SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 58 of the Third Amended Complaint.   SolarBlue otherwise denies the remaining allegations contained in Paragraph 58.

59.     Paragraph 59 of the Third Amended Complaint states a legal conclusion to which no response is required.   To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 59.

60.     SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Third Amended Complaint.

61.     SolarBlue respectfully refers to the Affiliate Agreement for its true and complete contents and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Third Amended Complaint.

62.     SolarBlue respectfully refers to the Affiliate Agreement for its true and complete contents and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Third Amended Complaint.

63.     SolarBlue respectfully refers to the Amended and Restated Affiliate Agreement and the Dynamic PPA for their true and complete contents and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Third Amended Complaint.

64.     SolarBlue admits that it has received milestone payments as set forth in paragraphs 1 and 2 in Schedule 3.1 of the Dynamic APA.  SolarBlue avers that it was unaware of

the Affiliate Agreement and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65.     Paragraph 65 of the Third Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65.

66.     SolarBlue admits, on information and belief, that there were discussions in March 2016 between Mr. Cain and Mr. Dus regarding the Dynamic APA and the Project.  SolarBlue otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Third Amended Complaint.

67.     SolarBlue denies that Mr. Maher participated in any negotiations with ADESA regarding the Dynamic PPA.  SolarBlue otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Third Amended Complaint.

68.     SolarBlue respectfully refers to the Termination Values contained in Attachment D to the Dynamic PPA for its true and complete contents.  SolarBlue otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68.

69.     SolarBlue admits that it entered into the Dynamic PPA and respectfully refers to that document for its true and complete contents.  SolarBlue otherwise denies the allegations contained in Paragraph 69 of the Third Amended Complaint.

70.     SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Third Amended Complaint concerning Dynamic's knowledge.  SolarBlue admits, on information and belief, that there were discussions in March 2016 between Mr. Cain and Mr. Dus regarding the Dynamic APA and the Project, and that Mr. Cain sent an APA to Mr. Dus by email, dated March 3, 2016.  SolarBlue refers to the APA and Dynamic APA for their true and complete contents and otherwise denies the remaining allegations contained in Paragraph 70.

71.     The second sentence of Paragraph 71 of the Third Amended Complaint states a legal conclusion to which no response is required.   To the extent a response is required, SolarBlue respectfully refers to the APA and Dynamic APA for their true and complete contents.

72.     SolarBlue admits that other agreements regarding the Project have been executed since the Dynamic APA.  SolarBlue otherwise denies the remaining allegations contained in Paragraph 72 of the Third Amended Complaint.

73.     SolarBlue denies the allegations contained in Paragraph 73 of the Third Amended Complaint.

74.     SolarBlue admits that Dynamic accepted an invitation from Mr. Cain on March 1, 2016, providing access to "ADESA's Shared Dataroom."  SolarBlue otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Third Amended Complaint.

75.     SolarBlue avers that it is unable to respond to the allegations contained in Paragraph 75 of the Third Amended Complaint because Paragraph 75 is vague and ambiguous as drafted.   To the extent it is required to provide a response, SolarBlue lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Third Amended Complaint.

76.     SolarBlue admits that on April 5, 2016, Jeffrey Wootan sent Mr. Cain a Project to-do list containing Empower's logo.  SolarBlue also avers that on March 25, 2016, Jeffrey Wootan sent an email that copied Mr. Dus, among others, to the Massachusetts Department of Energy Resources regarding the SREC Program.  SolarBlue otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Third Amended Complaint.

77.     Paragraph 77 of the Third Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Dynamic and otherwise denies the remaining allegations contained in Paragraph 77.

78.     Paragraph 78 of the Third Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 78.

79.     SolarBlue respectfully refers to Schedule 3.1 of the Dynamic APA for its true and complete contents and avers that it has received payments up to and including the NTP Payment described in paragraph 2.

80.     SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Third Amended Complaint.

81.     Paragraph 81 of the Third Amended Complaint contains a legal conclusion to which no response is required.   SolarBlue otherwise denies the allegations contained in Paragraph 81.

82.     SolarBlue denies the allegations contained in Paragraph 82 of the Third Amended Complaint.

83.     SolarBlue respectfully refers to the Affiliate Agreement for its true and complete content.  SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Third Amended Complaint regarding Dynamic and otherwise denies the allegations contained in Paragraph 83.

84.     SolarBlue respectfully refers to Schedule 3.1 of the Dynamic APA for its true and complete contents and avers that it has received payments up to and including the NTP Payment described in paragraph 2.  SolarBlue also avers that Mr. Cain's employment status is currently under review, but admits that he is still listed on SolarBlue's website as its Chief Operating Officer.  SolarBlue otherwise denies the remaining allegations contained in Paragraph 84 of the Third Amended Complaint.

85.     SolarBlue denies the allegations contained in Paragraph 85 of the Third Amended Complaint.

86.     SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Third Amended Complaint.

87.     Paragraph 87 of the Third Amended Complaint contains a legal conclusion to which no response is required.   To the extent a response is required, SolarBlue denies the allegations contained on Paragraph 87.

88.     Paragraph 88 of the Third Amended Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, SolarBlue denies the allegations contained on Paragraph 88.

89.     SolarBlue respectfully refers to the APA for its true and complete contents and otherwise denies the allegations contained in Paragraph 89.

90.     Paragraph 90 of the Third Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 concerning Dynamic.  SolarBlue otherwise denies the allegations contained in Paragraph 90.

91.     SolarBlue respectfully refers to the Affiliate Agreement and the Amended and Restated Affiliate Agreement for their true and complete contents.  SolarBlue admits, on information and belief, that there were discussions in March 2016 between Mr. Cain and Mr. Dus regarding the Dynamic APA and the Project.  SolarBlue otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Third Amended Complaint.

92.     SolarBlue respectfully refers to the Declaration of Anthony B. Parisi, dated September 12, 2016, for its true and complete contents.  SolarBlue otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Third Amended Complaint.

93.     SolarBlue respectfully refers to its letter to the Court, dated September 14, 2016, and avers that it withdrew its reliance on the testimony of Mr. Cain on the record prior to the

preliminary injunction hearing.  SolarBlue otherwise denies the allegations contained in Paragraph 93.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Breach of Contract – SolarBlue)

94.      SolarBlue repeats its answers to Paragraphs 1 through 93 of the Third Amended Complaint inclusive as if fully set forth herein

95.      Paragraph 95 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue admits that it entered into the APA and respectfully refers to that agreement for its true and complete contents.

96.      Paragraph 96 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 96.

97.      Paragraph 97 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue respectfully refers to its answers to Paragraphs 1 through 93 and otherwise denies the allegations contained in Paragraph 97.

98.      Paragraph 98 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 98.

99.      Paragraph 99 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99.

## Second Claim for Relief
### (Interference with Existing Contractual Relationship – Dynamic)

100.    SolarBlue repeats its answers to Paragraphs 1 through 99 of the Third Amended Complaint inclusive as if fully set forth herein.

101.    Paragraph 101 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, SolarBlue admits that it entered into the APA and respectfully refers to that agreement for its true and complete contents.

102.    SolarBlue avers that the Second Claim for Relief and the allegations contained therein are directed at Dynamic and do not require a response by SolarBlue.  To the extent a response is required, SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Third Amended Complaint.

103.    SolarBlue avers that the Second Claim for Relief and the allegations contained therein are directed at Dynamic and do not require a response by SolarBlue.  To the extent a response is required, SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Third Amended Complaint.

104.    SolarBlue respectfully refers to the Affiliate Agreement for its true and complete contents.  To the extent a response is required, SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Third Amended Complaint.

105.    SolarBlue avers that the Second Claim for Relief and the allegations contained therein are directed at Dynamic and do not require a response by SolarBlue.  To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 105 of the Third Amended Complaint.

106.    SolarBlue avers that the Second Claim for Relief and the allegations contained therein are directed at Dynamic and do not require a response by SolarBlue.  To the extent a response is required, SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Third Amended Complaint.

**Third Claim for Relief**
**(Unjust Enrichment – Dynamic)**

107.    SolarBlue repeats its answers to Paragraphs 1 through 106 of the Third Amended Complaint inclusive as if fully set forth herein.

108.    SolarBlue avers that the Third Claim for Relief and the allegations contained therein are directed at Dynamic and do not require a response by SolarBlue.  To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 108 of the Third Amended Complaint.

109.    SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 109 of the Third Amended Complaint. To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 109.

110.    SolarBlue avers that the Third Claim for Relief and the allegations contained therein are directed at Dynamic and do not require a response by SolarBlue.  To the extent a

19

response is required, SolarBlue denies the allegations contained in Paragraph 110 of the Third Amended Complaint.

111.    SolarBlue avers that the Third Claim for Relief and the allegations contained therein are directed at Dynamic and do not require a response by SolarBlue.  To the extent a response is required, SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Third Amended Complaint.

112.    SolarBlue avers that the Third Claim for Relief and the allegations contained therein are directed at Dynamic and do not require a response by SolarBlue.  To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 112 of the Third Amended Complaint.

**Fourth Claim for Relief**
**(Unfair Competition – Dynamic)**

113.    SolarBlue repeats its answers to Paragraphs 1 through 112 of the Third Amended Complaint inclusive as if fully set forth herein.

114.    SolarBlue avers that the Fourth Claim for Relief and the allegations contained therein are directed at Dynamic and do not require a response by SolarBlue.  To the extent a response is required, SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Third Amended Complaint.

115.    SolarBlue avers that the Fourth Claim for Relief and the allegations contained therein are directed at Dynamic and do not require a response by SolarBlue.  To the extent a response is required, SolarBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Third Amended Complaint.

116.     SolarBlue avers that the Fourth Claim for Relief and the allegations contained therein are directed at Dynamic and do not require a response by SolarBlue.  To the extent a response is required, SolarBlue denies the allegations contained in Paragraph 116 of the Third Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Third Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred, in whole or in part, because SolarBlue validly terminated the APA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred, in whole or in part, because of ADESA's decision not to proceed with the Project with Empower's involvement.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred, in whole or in part, because Empower could not satisfy certain conditions to closing under the APA.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred, in whole or in part, because of Empower's material breach of the APA.

## SIXTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the matters alleged in the Third Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive or declaratory relief since the remedies at law are adequate.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred, in whole or in part, under the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred, in whole or in part, because Plaintiff has not suffered any legally cognizable injury or damage.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of the alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred, in whole or in part, because SolarBlue's conduct did not actually or proximately cause damages to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Third Amended Complaint fails to allege facts sufficient to support a claim for attorneys' fees.

## <u>RESERVATION OF RIGHTS</u>

SolarBlue expressly reserves the right to amend and/or supplement this answer, its defenses, affirmative defenses and all other pleadings.  SolarBlue asserts all defenses (affirmative or otherwise) that may be revealed during the course of discovery or other investigation.

Dated:  New York, New York
        October 17, 2016

Respectfully submitted,

BRACEWELL LLP

By:  /s/ Michael C. Hefter
     Michael C. Hefter
     Ryan M. Philp

1251 Avenue of the Americas
New York, New York 10020-1104
Tel:  (212) 508-6100
Fax: (800) 404-3970
E-Mail:  Michael.Hefter@bracewelllaw.com

*Attorneys for Defendant SolarBlue, LLC*

23